JONES DAY
Richard H. Engman
Scott J. Friedman
Ross S. Barr
Lauren M. Buonome
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Proposed Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------- x
                                                        :
In re                                                   :
                                                        :
556 Holding LLC,                                        :    Chapter 11
a New York corporation,                                 :    Case No. 10-_____ (___)
                                                        :
              Debtor.                                   :
                                                        :
------------------------------------------------------- x
                                                        :
In re                                                   :
                                                        :
KDMJ Realty, Inc.,                                      :    Chapter 11
a New York corporation,                                 :    Case No. 10-_____ (___)
                                                        :
              Debtor.                                   :
                                                        :
------------------------------------------------------- x
```

**MOTION FOR AN ORDER DIRECTING
THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

TO THE HONORABLE
UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors (collectively "Debtors") hereby move the Court for the entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the joint administration of these chapter 11 cases (the

"Motion"). In support of this Motion, the Debtors incorporate by reference the statements contained in the Declaration of Dorothea Keeser pursuant to Local Rule 1007-2 (the "Keeser Declaration") filed contemporaneously herewith, and further respectfully represent as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1409.

**Background**

2. On the date hereof (the "Petition Date"), each of the Debtors commenced cases under title 11 of the United States Code (the "Bankruptcy Code").[1] The Debtors are authorized to manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Relief Requested**

3. Pursuant to Bankruptcy Rule 1015(b), the Debtors hereby seek the entry of an order directing (a) the joint administration of the Debtors' chapter 11 cases and (b) parties in interest to use a consolidated caption to indicate that any filed pleading relates to the jointly administered bankruptcy cases of "556 Holding LLC, *et al.*"

**Basis for Relief Requested**

4. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates." The Debtors are "affiliates" as that term is defined under

---

[1] Background information regarding, among other things, the Debtors' business and the events leading to the commencement of these chapter 11 cases are contained in the Keeser Declaration, which was filed contemporaneously herewith.

section 101(2) of the Bankruptcy Code.  Accordingly, this Court is authorized to grant the relief requested herein.

6. Joint administration will eliminate the need for duplicative notices, applications and orders, thereby allowing the Debtors to avoid the time and expense that otherwise would be required to separately administer their individual cases.  The rights of creditors will not be adversely affected because this Motion requests only administrative, and not substantive, consolidation of the Debtors' estates.  Creditors will also benefit from the reduced costs that will result from the joint administration of these cases, and the Court will be relieved of the burden of entering duplicative orders and maintaining redundant files in the separate cases.  Finally, joint administration will simplify supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") — a task that would pose significant and unnecessary burdens absent joint administration.

6. Accordingly, the Debtors respectfully request that the caption of their cases be modified to reflect the joint administration of these chapter 11 cases, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :  Chapter 11
                                                               :
556 Holding LLC, *et al.*,                                     :  Case No. 10-_____ (___)
                                                               :
                    Debtors.                                   :  (Jointly Administered)
                                                               :
---------------------------------------------------------------x

7. The Debtors also request that the following notation (or a substantially similar notation) be entered on the docket of each of the Debtors' cases to reflect the joint administration of these cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of 556 Holding LLC and KDMJ Realty, Inc. The docket in Chapter 11 Case No. 10-_____ (___) should be consulted for all matters affecting this case.

8. Finally, the Debtors seek authority to file the monthly operating reports required by the Operating Guidelines and Financial Reporting Requirements promulgated by the U.S. Trustee on a consolidated basis if the Debtors determine, after consultation with the U.S. Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and that the reports would accurately reflect the Debtors' consolidated business operations and financial affairs.

## Memorandum of Law

9. This Motion includes citations to the applicable authorities and does not raise any novel issues of law. Accordingly, the Debtors respectfully request that the Court waive the requirement contained in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules") that a separate memorandum of law be submitted.

## Notice

10. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (a) the U.S. Trustee; and (b) counsel to the Debtors' prepetition secured lender. The Debtors submit that no other or further notice need be provided.

## No Prior Request

11. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: August 6, 2010
      New York, New York

Respectfully submitted,

 /s/ Richard H. Engman
Richard H. Engman
Scott J. Friedman
Ross S. Barr
Lauren M. Buonome
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

PROPOSED ATTORNEYS FOR DEBTORS

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                 :

In re                                               :

556 Holding LLC,                     :          Chapter 11
a New York corporation,            :          Case No. 10-_____ (___)

                Debtor.              :

---------------------------------------------------------- x

In re                                               :

KDMJ Realty, Inc.,                 :          Chapter 11
a New York corporation,            :          Case No. 10-_____ (___)

                Debtor.              :

---------------------------------------------------------- x

**ORDER DIRECTING JOINT
<u>ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES</u>**

This matter coming before the Court on the Motion for an Order Directing Joint Administration of the Debtors' Chapter 11 Cases (the "<u>Motion</u>"),[1] filed by the above-captioned debtors (collectively, the "<u>Debtors</u>"); the Court having reviewed the Motion and the Declaration of Dorothea Keeser Pursuant to Local Rule 1007-2 (the "<u>Keeser Declaration</u>") and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "<u>Hearing</u>"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue for the Motion is proper in this district pursuant to 28 U.S.C. § 1409, (c) this is a core proceeding pursuant to

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

28 U.S.C. § 157(b), (d) notice of the Motion and the Hearing was sufficient under the circumstances, and (e) in light of the circumstances, the requirement of Local Rule 9013-1(b) that a separate memorandum of law be filed in support of the Motion is deemed satisfied or otherwise waived; and the Court having determined that the legal and factual bases set forth in the Motion and the Affidavit and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court.

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the above-captioned chapter 11 cases.

4. The caption of the jointly administered chapter 11 cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11
:
556 Holding LLC, *et al.*,[2] : Case No. 10-_____ (___)
:
                Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x

---

[2] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): 556 Holding LLC (3732) and KDMJ Realty, Inc. (4578). The address of the Debtors is 556 West 22nd Street, New York, NY 10011.

5. A notation substantially similar to the following notation shall be entered on the docket of each of the Debtors' cases to reflect the joint administration of these cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of 556 Holding LLC and KDMJ Realty, Inc.. The docket in Chapter 11 Case No. 10-_____ (___) should be consulted for all matters affecting this case.

6. The Debtors are hereby authorized to file the monthly operating reports required by the Operating Guidelines and Financial Reporting Requirements promulgated by the U.S. Trustee on a consolidated basis if the Debtors determine, after consultation with the U.S. Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and that the reports would accurately reflect the Debtors' consolidated business operations and financial affairs.

Dated: New York, New York
_____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE