COOLEY LLP
1114 Avenue of the Americas
New York, NY 10036
Tel.: (212) 479-6000
Facsimile: (212) 479-6275
Jeffrey L. Cohen
Cathy Hershcopf
Richelle Kalnit

Counsel for West 22nd Street Properties LLC

Hearing Date: September 17, 2010 at 10:00 a.m.
Objection Deadline: September 10, 2010 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>556 Holding LLC, et al.,<br><br>                Debtors. | Chapter 11<br><br>Case No. 10-14267 (ALG)<br><br>(Jointly Administered) |

**NOTICE OF MOTION OF WEST 22ND STREET PROPERTIES LLC**
**FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

      **PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion") of West 22nd Street Properties LLC, for relief from the automatic stay, all as more fully described in the Motion, will be held before the Honorable Allan L. Gropper, United States Bankruptcy Judge, Room 617 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **September 17, 2010 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion, must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, must set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, the basis for the objection and the specific grounds therefor,

and must be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182, and any objection must further be served upon: (i) counsel to West 22nd Street Properties LLC, Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Jeffrey L. Cohen, Esq. and Cathy Hershcopf, Esq.), (ii) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn: Richard H. Engman, Esq.), and (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Paul Schwartzberg, Esq.), so as to be received no later than **September 10, 2010 at 4:00 p.m. (prevailing Eastern Time)**.

Dated:   September 3, 2010
         New York, New York

/s/ Jeffrey L. Cohen
Jeffrey L. Cohen

COOLEY LLP
1114 Avenue of the Americas
New York, NY 10036
Tel.: (212) 479-6000
Facsimile: (212) 479-6275
Jeffrey L. Cohen
Cathy Hershcopf
Richelle Kalnit

Counsel for West 22nd Street Properties LLC

| COOLEY LLP | Hearing Date: September 17, 2010 at 10:00 a.m. |
|---|---|
| 1114 AVENUE OF THE AMERICAS | Objection Deadline: September 10, 2010 at 4:00 p.m. |

New York, NY 10036
Tel.: (212) 479-6000
Facsimile: (212) 479-6275
Jeffrey L. Cohen
Cathy Hershcopf
Richelle Kalnit

Counsel for West 22nd Street Properties LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| 556 Holding LLC, et al., | ) ) ) | Case No. 10-14267 (ALG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**MOTION OF WEST 22ND STREET PROPERTIES LLC**
**FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

West 22nd Street Properties LLC (the "Lender"), by and through its counsel, Cooley LLP, hereby submits this Motion for an Order Granting Relief from the Automatic Stay (the "Motion"), and respectfully represents:

**PRELIMINARY STATEMENT**

1. While the Lender generally supports the Debtor's efforts to sell the Property, the Debtor's reluctance to move the sale process forward in an expeditious fashion necessitates the relief requested herein. This is a case where the Lender has waited over one and a half years – since the maturity date of the Loan – for payment on account of its outstanding secured loan. The Lender simply can no longer "wait and see" while the Debtor further delays the sale process in order an attempt to further maximize its equity value, all at Lender's expense. The Lender seeks either (i) immediate relief from the stay to pursue its remedies under the Loan and Forbearance Agreement

1661290 v2/NY

(defined herein), or (ii) entry of an order by this Court setting a deadline by which the Debtor must close on an offer acceptable to Lender of no later than September 30, 2010, absent which the stay would be automatically lifted on October 1, 2010.

## BACKGROUND

2. On August 6, 2010, 556 Holding LLC (the "Debtor") and its debtor affiliate commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors has not been appointed.

3. The Debtor, as borrower, and the Lender, as assignee, are parties to that certain Loan Agreement dated as of February 4, 2008 (the "Loan", attached hereto as **Exhibit A**). The Loan is secured by a mortgage on a building located at 556 West 22nd Street, New York, New York and related property (the "Property") and an assignment of leases (the Amended, Restated and Consolidated Mortgage, Assignment of Leases and Rents and Security Agreement, dated as of February 4, 2008, by and between Debtor and Lender, is attached hereto as **Exhibit B**). In connection with the Loan, the Debtor executed an amended, restated and consolidated promissory note in favor of the Lender in the amount of $11,067,809.84. The scheduled maturity date of the Loan was January 1, 2009. The Loan was not refinanced on the scheduled maturity date.

4. The Debtor and the Lender entered into that certain Forbearance Agreement as of April 21, 2009 (the "Forbearance Agreement", attached hereto as **Exhibit C**). Pursuant to the Forbearance Agreement, among other things, Lender (i) made an advance to Debtor of $550,000 for payment of approved expenses, (ii) agreed that interest would accrue at the reduced aggregate rate of 12% per annum from January 2, 2009 through the earlier of July 1, 2010 or an event of default

thereunder (the "<u>Forbearance Expiration Date</u>"),[1] and (iii) agreed to forbear from exercising remedies under certain conditions until the Forbearance Expiration Date. Upon execution of the Forbearance Agreement, the Debtor executed and delivered to Lender, among other things, a deed in lieu of foreclosure, a stipulated judgment of foreclosure, and an assignment of lease, which are being held by Lender in escrow and, absent application of the automatic stay, which Lender could elect to release from escrow upon an event of default in accordance with the terms of the Forbearance Agreement. The Debtor was obligated to, but did not, pay all outstanding principal under the Loan, accrued interest, fees, costs and other charges on the Forbearance Expiration Date.

5. As of September 3, 2010, the outstanding balance under the Loan was $13,248,783.46.

## JURISDICTION

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## ARGUMENT

**A. The Bankruptcy Code Contemplates That the Stay Shall be Lifted in Single Asset Real Estate Cases if a Debtor Fails to File a Plan or Commence Monthly Payments or Provide Adequate Protection**

1. The Purpose of Section 362(d)(3) is to
   <u>Prevent Abuse by Single Asset Real Estate Debtors</u>

7. Section 362(d)(3) of the Bankruptcy Code codifies a clear Congressional policy that "single asset real estate" cases[2] should not obstruct actions by secured creditors against

---

[1] Among other things, if the Debtor fails to pay the full amount of the Loan on or before the Forbearance Expiration Date, interest accrues retroactively at a rate of 20% on the outstanding balance from January 2, 2009 (the original date of default) until the Lender is paid in full.

[2] Section 101(51B) provides that "single asset real estate" means "real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates

3

such real property unless the debtor strictly complies with the requirements of that section. Section 362(d)(3) mandates that

> the court **shall** grant relief from the stay … with respect to a stay of an act against single asset real estate …, by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) …
>
> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>
> (B) the debtor has commenced monthly payments … in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate.

11 U.S.C. § 362(d)(3) (emphasis added).

8. Congress enacted section 362(d)(3) -- and its statutory sibling, section 101(51B) -- as part of the Bankruptcy Reform Act of 1994 (Pub. L. No. 103-394) to "provide special circumstances under which creditors of a single asset real estate debtor may have the stay lifted…." 140 Cong. Rec. H. 10,764 (daily ed. Oct. 4, 1994) (floor statement regarding section 218 of the Bankruptcy Reform Act of 1994); David B. Young, Overview of Changes to the Automatic Stay Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 887 PLI/COMM. 441, 454 (April 24-25, 2006) ("The Bankruptcy Reform Act of 1994 sought to address the problems of single asset real estate Chapter 11 filings, which some courts have viewed as **especially prone to abuse, if not abusive per se**." (emphasis added)).

9. Indeed, single asset real estate cases are often found to be classic bad faith bankruptcy filings subject to dismissal under section 1112(b) of the Bankruptcy Code. See, e.g., In

---

substantially all of the gross income of a debtor … on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental." 11 U.S.C. § 101(51B). Given that the Debtor's petition indicates that the nature of its business is "Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)", there should be no dispute that this is a "single asset real estate" case. Petition, p. 1 (Dkt. No. 1).

1661290 v2/NY

re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1312 (2d Cir. 1997) (dismissing single asset real estate case pursuant to § 1112(b)); In re 652 West 160th LLC, 330 B.R. 455, 466-8 (Bankr. S.D.N.Y. 2005) (J. Gropper) (same).[3] The Lender reserves its right to move for dismissal or abstention of Debtor's chapter 11 case (or take any other action necessary to protect its interests) if the Court's ruling on this Motion does not provide sufficient relief to protect the Lender.

10. "Sections 101(51B) and 362(d)(3) are designed to require debtors with 'single asset real estate' to act in an expedited fashion." In re Oceanside Mission Assoc., 192 B.R. 232, 235 (Bankr. S.D. Cal. 1996) ("The consequence of not acting quickly is that the automatic stay may be lifted without further ado.") (citations omitted). It is designed "to afford secured creditors a relatively easy way to obtain relief from stay: all they have to do is show that the debtor has failed to perform under 362(d)(3) rather than engaging an appraiser and fighting over value." Id. at 238 (another purpose is to place "'single asset real estate' cases on a sort of a 'fast-track'").

11. To further advance this policy, in 2005, Congress expanded the scope of section 362(d)(3) by eliminating a prior condition under section 101(51B) that excluded all debtors with secured claims exceeding $4 million. See COLLIER ON BANKRUPTCY ¶ 362.07[5][a] (2010) (noting that 2005 amendments eliminated $4 million cap). The House Report relating to this amendment observed that this change was specifically designed to sweep larger cases into the expedited relief applicable to single asset real estate cases in order to prevent delay such as what the Debtor is attempting here:

---

[3] The following factors may indicate a bad faith filing: (i) the debtor has only one asset; (ii) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors; (iii) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt; (iv) the debtor's financial condition is, in essence, a two-party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action; (v) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights; (vi) the debtor has little or no cash flow; (vii) the debtor cannot meet current expenses including the payment of personal property and real estate taxes; and (viii) the debtor has no employees. See In re 652 West 160th LLC, 330 B.R. at 466 n. 11 (citing In re C-TC 9th Ave. P'ship, 113 F.3d at 1311).

> A single asset real estate chapter 11 case presents special concerns.... The largest creditor in a single asset real estate case is typically the secured lender who advanced funds to the debtor to acquire the real property. Often a single asset real estate debtor resorts to filing for bankruptcy relief for the sole purpose of staying an impending foreclosure proceeding or sale commenced by the secured lender. Foreclosure actions are filed when the debtor lacks sufficient cash flow to service the debt and maintain the property.... If unsecured creditors exist, they have only nominal claims against the single asset real estate debtor.... The present $4 million cap prevents the use of the expedited relief procedure in many commercial property reorganizations, and effectively provides an opportunity for a number of debtors to abusively file for bankruptcy in order to obtain the protection of the automatic stay against their creditors. As a result of this amendment, creditors in more cases will be able to obtain the expedited relief from the automatic stay which is made available under § 363(d)(3) of the Bankruptcy Code.

H.R. Rep. No. 109-31, 109th Cong. 1st Sess. (2005); See COLLIER ON BANKRUPTCY ¶ 362.07[5][b] (2010) ("The purpose of section 362(d)(3) is to address perceived abuses in single asset real estate cases, in which debtors have attempted to delay mortgage foreclosures even when there is little chance that they can reorganize successfully.").

12. Section 362(d)(3) recognizes that chapter 11 is not to be used to permit speculation in real estate at the expense of secured lenders. See In re 652 West 160th LLC, 330 B.R. at 467 ("a bankruptcy filing is not in good faith if the debtor seeks in effect to obtain time during which to speculate that the market value will increase and make its investment worthwhile.") (citing In re 234-6 West 22nd St. Corp., 214 B.R. 751, 759 (Bankr. S.D.N.Y. 1997)).

13. Here, absent an immediate sale, the Debtor will be unable to file a plan with a reasonable possibility of confirmation, nor will it be able to commence monthly interest payments. The Lender should not be forced to sit idle to accommodate the Debtor's speculative endeavors.

2. Section 362(d)(1) Mandates Adequate Protection

14. Section 362(d)(1) of the Bankruptcy Code provides that "the court **shall** grant relief from the stay … for cause, including the lack of adequate protection of an interest in property

6

of such party in interest." 11 U.S.C. § 362(d)(1) (emphasis added). The debtor bears the burden of establishing that the interest of a movant is adequately protected. See 11 U.S.C. § 362(g) ("the party requesting [relief under section 362(d)] has the burden of proof on the issue of the debtor's equity in property [and] the party opposing such relief has the burden of proof on all other issues.").

15. Even if the value of property is not declining in value, adequate protection may be provided. See In re Balco Equities Ltd., Inc., 312 B.R. 734, 751 (Bankr. S.D.N.Y. 2004) ("decline in value of collateral is not the only means by which a secured creditor may lack adequate protection. Where the collateral is in use, the secured creditor is paying to maintain the collateral, and the debtor has been unable to sell the collateral or generate income to make adequate protection payments, the effect from the creditor's viewpoint is identical."); In re King, 305 B.R. 152, 175 (Bankr. S.D.N.Y. 2004) ("A mortgagee lacks adequate protection for its interest when no periodic payments are being made, the entire indebtedness is due and no income is being derived from the property.").

16. As stated by one court,

> While an equity cushion by itself may, under certain circumstances, provide adequate protection, this is not so, especially when the Debtor does not show a sincere desire to speedily effectuate a reorganization, when the delays are inordinate and unreasonable, when a plan is a liquidation plan and where the sole hope of the Debtor to effectuate the reorganization is to salvage the equities in its properties, the success of which depends on economic factors over which the Debtor has no control. As far as the Debtor is concerned, time is not of the essence, but time is clearly of essence as far as a secured creditor is concerned who is deprived of the use of its collateral, deprived of income and who must pay its own bills in order to survive. The proposition that the Debtor may use the automatic stay indefinitely as a refuge without proceeding speedily to a confirmation is simply not the law. It would be a gross abuse of discretion to continue to protect the Debtor indefinitely just because it has equity in its encumbered properties. The argument that secured creditors are not harmed by delays if there is an equity cushion or if the properties are not exposed to jeopardy is merely telling one-half of the story.

1661290 v2/NY

In re Certified Mortg. Corp., 19 B.R. 369, 370-1 (Bankr. M.D. Fla. 1982); In re King, 305 B.R. at 174 (quoting portion of same).

17. Here, there should be no question that the Debtor has not provided the Lender with any adequate protection. Notwithstanding the existence of an equity cushion, the Debtor's non-payment of amounts due under the Loan and the Forbearance Agreement, while it continues to use the Property, is causing the Lender harm for which it is entitled to adequate protection.

**B. <u>The Automatic Stay Must be Lifted</u>**

18. There is no indication in this case that the Debtor is using the bankruptcy process to reorganize. The Debtor has yet to seek to retain counsel, nor has it filed its schedules and statements, notwithstanding that its petition indicates the Debtor believes it has only ten unsecured creditors and two secured creditors in addition to Lender.

19. The Lender understands that the Debtor has received various indications of interest for the Property. However, the Debtor's lack of urgency with respect to these indications is disconcerting. While the Debtor has urged the Lender to resign to its "wait and see" approach in order to maximize the Debtor's equity position, the Lender is less than confident that a white knight will come to the Debtor's rescue, all the while the Debtor risks losing offers which would appear to pay the Debtor's creditors (including unsecured creditors) in full. Lender has already exhibited extraordinary patience having waited for 18 months since the original maturity date of the Loan and an additional two months since the expiration of the forbearance period, and still not receiving payment on account thereof. The Debtor should not be permitted to use the bankruptcy process to maximize its equity position at the expense of creditors.

20. The circumstances of this case present the "special concerns" of abuse in single asset real estate cases that Congress sought to address in its 2005 amendment to section 362(d)(3). In addition, there should be no dispute that the Debtor is using the Lender's collateral

8

without providing any of the requisite protections and, therefore that the Debtor cannot demonstrate that the Lender's interests are adequately protected as required by the Bankruptcy Code.

21. The Lender understands that the Debtor is not in a position to make current payments on the Loan until the Property is sold. Accordingly, the Lender seeks either (i) immediate relief from the stay to pursue its remedies under the Loan and Forbearance Agreement, or (ii) entry of an order by this Court setting a deadline by which the Debtor must close on an offer acceptable to Lender of no later than September 30, 2010, absent which the stay would be automatically lifted on October 1, 2010.

## **NOTICE**

22. The Lender has served notice of this Motion on (i) the Debtor, (ii) the Office of the United States Trustee for the Southern District of New York, and (iv) parties in interest who have filed a notice of appearance in these cases. In light of the nature of the relief requested, the Lenders submit that no other or further notice need be provided.

23. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, West 22nd Street Properties LLC respectfully requests that the Court enter an order granting the relief requested and such other or further relief as is just.

Dated: September 3, 2010
 New York, New York

>/s/ Jeffrey L. Cohen
>Jeffrey L. Cohen
>
>COOLEY LLP
>1114 Avenue of the Americas
>New York, NY 10036
>Tel.: (212) 479-6000
>Facsimile: (212) 479-6275
>Jeffrey L. Cohen
>Cathy Hershcopf
>Richelle Kalnit
>
>Counsel for West 22nd Street Properties LLC

1661290 v2/NY