UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re : Chapter 11
:
556 Holding LLC, *et al.*,[1] : Case No. 10-14267 (ALG)
:
Debtors. : (Jointly Administered)
:
:
---------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION AND
AGREED ORDER BETWEEN THE DEBTORS AND WEST 22ND STREET
PROPERTIES LLC REGARDING MOTION OF WEST 22ND STREET PROPERTIES
LLC FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE** that the above-captioned debtors (collectively, the "Debtors") will present for entry the Stipulation and Agreed Order Between the Debtors and West 22nd Street Properties LLC Regarding Motion of West 22nd Street Properties LLC for an Order Granting Relief from the Automatic Stay, attached hereto as Exhibit A (the "Stipulation and Agreed Order") to the Honorable Allan L. Gropper, United States Bankruptcy Judge, on **October 4, 2010 at 10:00 a.m., prevailing Eastern time**, (the "Presentment Date").

**PLEASE TAKE FURTHER NOTICE** that objections to the proposed Stipulation and Agreed Order must be made in writing and received in Judge Gropper's Chambers, United States Bankruptcy Court, Room 617, One Bowling Green, New York, New York 10004 by **October 1, 2010 at 4:00 p.m., prevailing Eastern time** (the "Objection Deadline"). Unless objections are received by that time, the Stipulation and Agreed Order may be signed without a hearing.

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): 556 Holding LLC (3732) and KDMJ Realty, Inc. (4578). The address of the Debtors is 556 West 22nd Street, New York, NY 10011.

NYI-4311672v3

**PLEASE TAKE FURTHER NOTICE** that any objections to the entry of the Stipulation and Agreed Order must be served in accordance with the provisions of General Order M-182 so that they are actually *received* on or before the Objection Deadline by: (a) Jones Day, counsel to the Debtors, 222 East 41st Street, New York, New York 10017 (Attn: Richard H. Engman, Esq. and Ross S. Barr, Esq.); (b) Cooley LLP, counsel to West 22nd Street Properties LLC, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Jeffery L. Cohen, Esq. and Richelle Kalnit, Esq.); and (c) The Office of the United States Trustee, Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Attn: Paul K. Schwartzberg, Esq.). Unless objections are received by that time, the Stipulation and Agreed Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if any objection(s) is properly served and filed, a hearing will be held to consider the Stipulation and Agreed Order and the objection(s) at a date and time to be set by the Court.

Dated: September 27, 2010
       New York, New York

Respectfully submitted,

/s/ Richard H. Engman
Richard H. Engman
Scott J. Friedman
Ross S. Barr
Lauren M. Buonome
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Counsel to the Debtors

# **Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re : Chapter 11
:
556 Holding LLC, *et al.*,[1] : Case No. 10-14267 (ALG)
:
            Debtors. : (Jointly Administered)
:
:
---------------------------------------------------------------x

## STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS AND WEST 22ND STREET PROPERTIES LLC REGARDING MOTION OF WEST 22ND STREET PROPERTIES LLC FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

The above-captioned debtors (collectively, the "Debtors") and West 22nd Street Properties LLC (the "Lender"), by and through their respective attorneys, have agreed, by this stipulation (the "Stipulation"), to resolve the Motion of West 22nd Street Properties LLC For an Order Granting Relief From the Automatic Stay (Docket No. 14), and state as follows:

### RECITALS

WHEREAS, on August 6, 2010, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York;

WHEREAS, 556 Holding LLC, as borrower (the "Borrower"), and the Lender, as assignee, are parties to that certain Loan Agreement dated as of February 4, 2008 (the "Loan"), the obligations under which are secured by a mortgage on a building located at 556 West 22nd Street, New York, New York and related property and an assignment of leases;

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): 556 Holding LLC (3732) and KDMJ Realty, Inc. (4578). The address of the Debtors is 556 West 22nd Street, New York, NY 10011.

WHEREAS, in connection with the Loan, the Debtor executed an amended, restated and consolidated promissory note in favor of the Lender in the amount of $11,067,809.84 with a scheduled maturity date of January 1, 2009;

WHEREAS, the Loan was not repaid on the scheduled maturity date;

WHEREAS, the Borrower and the Lender entered into that certain Forbearance Agreement as of April 21, 2009 (the "Forbearance Agreement") under which, among other things, the Lender agreed to forbear from exercising remedies with respect to the Loan from January 2, 2009 through the earlier of July 1, 2010 or the occurrence of an event of default under the Forbearance Agreement;

WHEREAS, the Lender maintains that as of July 30, 2010, the Debtors owed no less than $13,015,280.27, which amount includes accrued and/or default interest in the amount of $1,705,090.39 for the period January 2, 2009 through July 1, 2010 (the "Pre-July 2 Default Interest Amount");

WHEREAS, the Debtors dispute portions of the Lender's claim, including the Pre-July 2 Default Interest Amount;

WHEREAS, upon execution of the Forbearance Agreement, the Borrower executed and delivered to Lender, among other things, a deed in lieu of foreclosure, a stipulated judgment of foreclosure, and an assignment of lease, which are being held by the Lender in escrow and, absent application of the automatic stay, which the Lender could elect to release from escrow upon an event of default in accordance with the terms of the Forbearance Agreement.

**STIPULATION**

IT IS THEREFORE AGREED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED, AS FOLLOWS:

1. The Debtors stipulate and agree that (a) the outstanding principal amount owing to the Lender on July 1, 2010 was $10,817,809.84; (b) such principal amount remains outstanding and has been accruing and will continue to accrue interest from and after July 2, 2010 at the default rate of 20% (the "Post-July 1 Interest Amount"); and (c) the Lender has a valid and properly perfected secured claim that includes such principal, Post-July 1 Interest Amount, as well as the reasonable fees and expenses that have been and that will be incurred by the Lender.

2. The Debtors and the Lender stipulate and agree that: (a) in order to continue their efforts to negotiate and document a refinance and/or sale transaction, the Debtors shall have a period of 20 days from September 17, 2010 (through and including October 7, 2010, the "Stay Period") during which the Lender will take no action to modify or lift the automatic stay nor any other action to enforce its remedies as a secured creditor against the Debtors or their assets; (b) if the Debtors enter into an agreement for a Committed Transaction (as defined below) prior to the expiration of the Stay Period, then the Stay Period shall be extended for an additional 46 days until November 22, 2010; (c) upon expiration of the Stay Period, the automatic stay provided for in section 362 of the Bankruptcy Code will terminate without the need for further order of the Court, and the Lender will be free to pursue any and all rights and remedies available to it under the relevant Loan documents (including the Forbearance Agreement and the documents and agreements executed therewith), and the Debtors agree not to take any action affecting the Lender from pursuing the rights and remedies available to it under the relevant Loan documents

(including the Forbearance Agreement and the documents and agreements executed therewith); (d) to the extent that a proposed Committed Transaction provides for the refinance of amounts owing to the Lender, then the Lender will work in good faith with the proposed refinance lender in order to effect a consensual assignment of the existing mortgage held by the Lender; and (e) the Debtors and the Lender will make good faith efforts to resolve any disputes they may have regarding the amount of the Lender's secured claim.

3. A "Committed Transaction" means a sale or refinance transaction that (1) provides for: (a) the immediate and non-refundable deposit of not less than $2 million to be held in an escrow account and payable to the Lender on the earlier of (i) the closing of the proposed transaction or (ii) the purchaser or refinance lender's failure to close the transaction by November 22, 2010; (b) does not provide for any financing, diligence or other contingencies that, in the reasonable judgment of the Lender, adversely affect the likelihood that the transaction will be consummated; and (c) the payment at closing of at least (i) an amount directly to the Lender equal to the then undisputed amount of its secured claim, and (ii) an amount to be deposited in escrow equal to the Pre-July 2 Default Interest Amount, and (2) is reasonably acceptable to the Lender, which acceptance will not be unreasonably withheld.

4. The Debtors and the Lender are authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers, and to take any and all actions reasonably necessary to consummate and implement any and all obligations contemplated herein.

5. This Stipulation may be modified, amended or supplemented by the parties thereto in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that such modification, amendment or supplement is not

- 4 -

NYI-4309977v2

material.  No statement made or action taken in the negotiation of this Stipulation may be used by any party for any purpose whatsoever.

6.  Notwithstanding the possible applicability of Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Stipulation shall be effective and enforceable immediately upon its approval by the Court.

7.  This Court retains jurisdiction to interpret, enforce and implement this Stipulation, and all amendments thereto, any waiver and consents thereunder, and each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to resolve any disputes, controversies or claims arising under or related to the Loan or the Forbearance Agreement, and interpret, implement and enforce the provisions of this Stipulation.

Dated:   September 27, 2010

| | |
|---|---|
| /s/ Richard H. Engman | /s/ Jeffrey L. Cohen |
| Richard H. Engman | Jeffrey L. Cohen |
| Scott J. Friedman | Cathy Hershcopf |
| Ross S. Barr | Richelle Kalnit |
| Lauren M. Buonome | COOLEY LLP |
| JONES DAY | 1114 Avenue of the Americas |
| 222 East 41st Street | New York, NY 10036 |
| New York, New York  10017 | Telephone: (212) 479-6000 |
| Telephone:  (212) 326-3939 | Facsimile: (212) 479-6275 |
| Facsimile:  (212) 755-7306 | |
| | Counsel to West 22nd Street Properties LLC |
| Counsel to the Debtors | |

SO ORDERED THIS ____ DAY OF OCTOBER, 2010

_____
HON. ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE