UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------x
                                                           :
In re                                                      :    Chapter 11
                                                           :
556 Holding LLC, et al.,[1]                                :    Case No. 10-14267 (ALG)
                                                           :
                Debtors                                    :    (Jointly Administered)
                                                           :
-----------------------------------------------------------x
```

## AGREED ORDER (I) AUTHORIZING THE DEBTORS TO SELL THE BUILDING, LAND AND OTHER PROPERTY LOCATED AT 556 WEST 22ND STREET FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES AND (II) GRANTING RELATED RELIEF

This matter coming before the Court on the motion (the "Motion")[2] of the above-captioned debtors-in-possession (collectively, the "Debtors") for the entry of an order, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing the sale of any and all of Debtor 556 Holding LLC's (the "Seller") right, title and interest in and to the real property, building and certain other property and interests located at 556 West 22nd Street, New York, New York (collectively, the "Property") to Albanese Development Corporation or its assignee ("Albanese") free and clear of liens, claims, interests and encumbrances thereon and (b) granting other relief related thereto; the Court having conducted hearings on the Motion on November 8 and 10, 2010 (the "Hearing") at which time all interested parties were offered an opportunity to be heard with respect to the Motion; the Debtors having entered into that certain purchase agreement, attached hereto as Exhibit A (the "Purchase

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): 556 Holding LLC (3732) and KDMJ Realty, Inc. (4578). The address of the Debtors is 556 West 22nd Street, New York, NY 10011.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Agreement"), with Albanese (the "Purchaser"), who submitted the bid determined by the Debtors, in an exercise of their sound business judgment, to be the highest and best bid for the Property; and all parties in interest having been heard, or having had the opportunity to be heard, regarding entry of this Order and approval of the sale of the Property to the Purchaser (the "Sale Transaction") and the Purchase Agreement; the Court having reviewed and considered, among other things, the Motion and the exhibits thereto, the Purchase Agreement, the objection of West 22nd Street Properties LLC (the "Lender") to the Motion (Docket No. 42) (the "Objection"), the Debtors' reply to the Objection (Docket No. 46), the statement and reservation of rights of Albanese with respect to the Motion (Docket No. 54), and the arguments of counsel made, and the evidence proffered or adduced, at the Hearing;

FINDINGS OF FACT:

IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:[3]

**Jurisdiction, Final Order and Statutory Predicates**

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.  The Court has jurisdiction over this matter and over the property of the Debtors, including the Property to be sold, transferred or conveyed pursuant to the Purchase Agreement, and the Debtors' estates pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. See Fed. R. Bankr. P. 7052.

C. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), the parties may consummate the transactions provided for under the terms and conditions of the Purchase Agreement immediately upon entry of this Order and the satisfaction of any relevant conditions contained in the Purchase Agreement.

D. As detailed herein, the Debtors have complied in all respects with General Order M-383 of the United States Bankruptcy Court for the Southern District of New York, dated November 18, 2009, establishing guidelines for the conduct of asset sales.

**Notice of the Motion**

E. As evidenced by the affidavits of service filed with the Court: (1) proper, timely, adequate and sufficient notice of the Motion and the Hearing have been provided under the particular circumstances by the service of the Motion as described therein; and (2) no other or further notice of the Motion, or of the entry of this Order is necessary or shall be required. Creditors, parties-in-interest and other entities have been afforded a reasonable opportunity to object to the Motion and the relief requested therein.

**Good Faith**

F. The Purchaser is a buyer in good faith, as that term is used in the Bankruptcy Code and court decisions thereunder, and is entitled to the protections of section 363(m) of the Bankruptcy Code. The Purchase Agreement was negotiated and entered into in good faith, based upon arm's length bargaining, and without collusion or fraud of any kind. The Purchaser is not an "insider" of the Debtors as that term is defined in Section 101(31) of the Bankruptcy Code. Neither the Seller nor the Purchaser have engaged in any conduct that would cause or permit the Sale Transaction or any part of the transactions contemplated by the Purchase Agreement to be

- 3 -

NYI-4316484v15

avoidable or be the basis for an award of monetary damages under section 363(n) of the Bankruptcy Code.

## Lender Claim

G.      The Property is encumbered by the liens securing the Debtors' obligations under that certain Loan Agreement, dated as of February 4, 2008 (the "Loan") by and among the Seller, as borrower, and the Lender, as assignee.

H.      In resolution of the Invalidation Issue (as defined below), the Debtors and the Lender agree that the aggregate amount of all outstanding principal, interest, fees, charges and expenses of any kind under the Loan and that certain Forbearance Agreement, dated as of April 21, 2009, by and among the Seller and the Lender is Thirteen Million, Fifty Thousand Dollars ($13,050,000).

I.      In accordance with the Consent Order Invalidating Recordation of Deed in Lieu of Foreclosure by West 22nd Street Properties LLC entered contemporaneously herewith (the "Consent Order"), and in resolution of the Invalidation Issue (as defined in the Consent Order), the Debtors and Lender agree that the recording of the Deed in Lieu by the Lender was null and void, *ab initio*, as a matter of law and accordingly, the delivery and recording of the Deed in Lieu was of no force and effect in any respect, and did not deprive the Seller of its interests in the Property. The Debtors shall work in good faith to assist in the Lender's efforts to recover the Deed in Lieu Recording Taxes.

J.      The Debtors advised the Lender of the sale process for the Property, including indications of interest received from other parties and other relevant facts. Having been fully informed on these matters, the Lender consents to the sale of the Property under the terms of the Purchase Agreement.

## Business Judgment

K.      The Debtors have been actively marketing the Property from before the commencement of these chapter 11 cases and have contacted numerous potential buyers as part of this process.  After the Petition Date, the Debtors requested that each known potential buyer then expressing an interest in the Property submit its highest and best offer.  The marketing processes implemented by the Debtors, as set forth in the Motion, was fair, proper, complete, and reasonably calculated to result in the best value received for the Property.  After reviewing the various expressions of interest made for the Property as of the time of filing the Motion, the Debtors, in an exercise of their sound business judgment, determined that Albanese's offer for the Property was the then-highest and best firm offer for the Property and constituted full and adequate consideration and reasonably equivalent value for the Property.  Moreover, the terms and conditions proposed by Albanese were favorable to the Debtors, reflected access to committed financing and indicated that Albanese was ready to consummate a purchase of the Property without delay.

L.      Following the filing of the Motion, on November 7, 2010, 17th Street Corp. ("17th Street Corp.") delivered to the Debtors an offer to acquire the Property pursuant to a purchase agreement that, except for a higher purchase price, contained substantially the same terms and conditions as those contained in the purchase agreement with Albanese that was attached as an Exhibit to the Motion.  On November 8, 2010, 17th Street Corp. represented on the record of the Hearing that it had had the financial wherewithal to quickly consummate a sale transaction with the Debtors and that, prior to 12:00 noon on Wednesday, November 10, 2010, it would deposit into escrow any and all amounts that were required to be paid at closing under its offer if the Court would adjourn its decision on the Debtors' Motion and allow the Debtors to conduct an auction for the Property.

M.   The Court determined that an adjournment of the Hearing was appropriate and that an auction should be conducted if 17th Street Corp. deposited the required funds into escrow. After 17th Street Corp. disclosed that it could not make the required deposit by the deadline therefor, the auction was canceled.

N.   The Debtors' determination of the Purchaser as the successful bidder and decision to enter into the Purchase Agreement represents an exercise of their sound business judgment and is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest.  Among other things, the Debtors have determined in their business judgment that, under the current circumstances, the benefits of consummating a prompt sale of the Property on the terms and conditions embodied in the Purchase Agreement outweigh any potential benefits of conducting a further marketing and overbid process for the Property, particularly where the Debtors have fully marketed the Property over an extended period of time and have no agreement to fund the costs that would be incurred by the Debtors' estates in connection with a further marketing process.  Accordingly, under the circumstances, the sale of the Property on the terms and conditions set forth in the Purchase Agreement maximizes the value of the Property for the Debtors' estates.

O.   Designers & Agents, Inc. ("Designers"), a licensee of a portion of the Property, appeared in connection with the Motion.  Designers acknowledged that the right of The Chelsea Art Museum ("CAM") to occupy the Property, and any rights that Designers may have to use the Property, will terminate on December 31, 2011.  This acknowledgement is without prejudice to the rights of Designers vis-à-vis CAM.

**Validity of Transfer**

P.   The Seller has full power and authority to execute and consummate the Purchase Agreement and all other documents contemplated thereby, and the sale of the Property has been

duly and validly authorized by any necessary corporate authority of the Seller.  No consents or approvals, other than as may be expressly provided for in the Purchase Agreement or this Order, are required by the Seller to consummate such transactions.

### Section 363(f) of the Bankruptcy Code is Satisfied

Q.     The Seller shall sell the Property free and clear of all liens, claims, interests, transfer restrictions and encumbrances of any kind or nature whatsoever, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, mature or unmatured, material or non-material, disputed or undisputed (collectively, the "Interests") because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied.  Except as specifically provided in the Purchase Agreement, the Purchaser shall have no liability for any claims against the Debtors or their estates or any liabilities or obligations of the Debtors or their estates.  The Lender has consented to the proposed sale of the Property hereunder, pursuant to section 363(f)(2) of the Bankruptcy Code.  The Purchase Price for the Property is well in excess of the amount of the Lender's secured claims therein under any calculation thereof, and, thus, the Seller may sell the Property free and clear of the Lender's Interests therein under section 363(f)(3) of the Bankruptcy Code, as well as other provisions of section 363(f) of the Bankruptcy Code.  Moreover, other holders, if any, of Interests who did not object, or who withdrew their objections, to the sale of the Property and the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of Interests (such as the Lender) who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Interests, if any, attach to the proceeds of the sale of the Property, and, specifically in the case of the Lender, as provided in paragraph 13 of

this Order.  The Purchaser would not have entered into the Purchase Agreement, and would not consummate the Sale Transaction, thus adversely affecting the Debtors, their estates, and their creditors if the sale of the Property to the Purchaser were not free and clear of all Interests of any kind or nature whatsoever, or if the Purchaser would, or in the future could, be liable for any of the Interests.

### Avoidance and Successor Liability

R. The transfer of the Property to the Purchaser (i) does not constitute avoidable transfers under the Bankruptcy Code or under applicable bankruptcy or non-bankruptcy law and (ii) except as otherwise set forth in the Purchase Agreement, to the greatest extent permitted by law, does not and will not subject the Purchaser to any liability whatsoever with respect to the operation of the Debtors' business prior to the closing of the Sale Transaction (the "Closing") or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting antitrust, successor, transferee or vicarious liability.

### Prompt Consummation

S. Time is of the essence in consummating the Sale Transaction and it is in the best interests of the Debtors and their estates to sell the Property within the time constraints set forth in the Purchase Agreement.  The Purchase Agreement must be approved and consummated promptly in order to maximize the value of the Property for the Debtors' estates.

### Retention of Jurisdiction

T. It is necessary and appropriate for the Court to retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order, the Purchase Agreement and the Lease Agreement (as defined in the Purchase Agreement) and to adjudicate, if necessary, any

- 8 -

NYI-4316484v15

and all disputes relating in any way to the transactions provided for under the terms and conditions of the Purchase Agreement and the Lease Agreement.

CONCLUSIONS OF LAW:

NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The relief requested in the Motion is granted in its entirety, subject to the terms and conditions contained herein.

2. All objections to the Motion and the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in such objections are hereby overruled on the merits and denied.

3. The grantee of the Deed in Lieu is wholly owned by the Lender, is the nominee of the Lender and is bound by the findings of facts and conclusions of law set forth in this Order.

**Approval of Sale**

4. The Seller is authorized to enter into the Purchase Agreement (including all exhibits affixed thereto) substantially in the form attached as Exhibit A hereto, and the transactions contemplated thereby are hereby approved. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Seller is authorized to perform its obligations under the Purchase Agreement.

5. The Purchaser is hereby granted and is entitled to all of the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code. The consideration provided by the Purchaser for the Property under the Purchase Agreement is fair and reasonable, and the Sale Transaction may not be avoided or be the basis for an award of monetary damages under section 363(n) of the Bankruptcy Code. The sale of the Property and the consideration provided

- 9 -

NYI-4316484v15

by the Purchaser shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

6. The Seller shall be, and hereby is, authorized to perform under, consummate and implement the terms of the Purchase Agreement together with any and all additional instruments and documents that may be necessary or desirable to implement and effectuate the terms of the Purchase Agreement, this Order and the sale of the Property contemplated thereby including, without limitation, the execution of any deeds, assignments and other instruments of transfer, and to take all further actions as may reasonably be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to possession any or all of the Property, as may be necessary or appropriate to the performance of the Seller's obligations as contemplated by the Purchase Agreement, without any further corporate action by the Seller or order of this Court.

7. The sale of the Property and the consideration provided by the Purchaser under the Purchase Agreement is fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

8. Effective as of the date of the Closing (the "<u>Closing Date</u>"), the sale of the Property by the Seller to the Purchaser shall constitute a legal, valid and effective transfer of the Property notwithstanding any requirement for approval or consent by any person and shall vest Purchaser with all right, title and interest of the Debtors in and to the Property.

<b><u>Transfer of Property Free and Clear</u></b>

9. Pursuant to sections 105 and 363 of the Bankruptcy Code, except to the extent specifically provided otherwise in the Purchase Agreement or this Order, the sale of the Property shall vest Purchaser with all right, title and interest in and to the Property free and clear of any

and all Interests, with all such Interests and any other liabilities and claims to attach only to the net proceeds of the sale, and, specifically in the case of the Lender, as provided in paragraph 13 of this Order, with the same priority, validity, force and effect, if any, as they now have in or against the Property, subject to all claims and defenses the Debtors may possess with respect thereto.  Except as provided in the Purchase Agreement, to the greatest extent permitted by law, the Purchaser shall not be liable for, and the Sale Transaction will not subject the Purchaser to, any liability for any Interests, and the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of any of the Debtors and/or their estates, including without limitation, statutory claims, that any party may have against the Debtors with respect to the operation of the Debtors' business prior to the closing of the Sale Transaction or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting antitrust, successor, transferee or vicarious liability.

10. Except as set forth in the Purchase Agreement, after the Closing Date, (a) no holder of any Interest in the Property shall interfere with the Purchaser's use and enjoyment of the Property based on or related to such Interest, and (b) all entities who are presently, or who as of the Closing may be, in possession of some or all of the Property hereby are directed to surrender possession of the Property to the Purchaser as of the Closing.  Seller and all Designated Occupants (as such term is defined in the Purchase Agreement) may continue to occupy the Property only to the extent set forth in the Purchase Agreement and the Lease Agreement (as such term is defined in the Purchase Agreement) and shall surrender possession of the Property at the time and on the terms set forth in the Purchase Agreement and the Lease

Agreement. Any interest in the Property held by any Designated Occupant shall terminate on December 31, 2011. The amount of the liquidated damages provided in Section 1.7 of the Purchase Agreement is a fair and reasonable estimate of the damages Purchaser would suffer in the event of a breach of Section 1.7 of the Purchase Agreement.

11. On or before the Closing Date, all parties holding Interests of any kind are authorized and directed to execute such documents and take all other actions as may be necessary to release any Interests of any kind against the Property, as such Interests may have been recorded or may otherwise exist. If any person or entity that has filed financing statements or other documents or agreements evidencing any Interests in or against the Property shall not have delivered to the Seller prior to the Closing after request therefor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction or releases of all such Interests that the person or entity has with respect to the Property, the Seller is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such Property prior to the Closing, and the Purchaser is authorized to execute and file such documents after the Closing; <u>provided</u>, <u>however</u>, that nothing in this paragraph shall authorize the Seller to execute or file documents on behalf of any governmental entity.

12. Except to the extent expressly provided otherwise in the Purchase Agreement or this Order, pursuant to sections 105 and 363 of the Bankruptcy Code, all persons and entities, including, but not limited to, all debt security holders; equity security holders; governmental, tax and regulatory authorities; lenders; parties to or beneficiaries under any benefit plan; any claimant asserting a products liability claim; trade and other creditors asserting or holding an Interest of any kind or nature whatsoever against, in or with respect to any of the Debtors or the

- 12 -

NYI-4316484v15

Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Debtors, the Property, the operation of the Debtors' businesses prior to the Closing Date or the transfer of the Property to the Purchaser, shall be forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing such Interest or other liability against the Purchaser or any of its affiliates or subsidiaries. For the avoidance of doubt, the foregoing shall not prevent the Debtors or their successors or permitted assigns from pursuing claims, if any, against the Purchaser and/or its successors and assigns in and only in accordance with the terms of the Purchase Agreement.

**Payment of Purchase Price**

13. At Closing, the Purchase Price shall be paid in accordance with Section 1.4 of the Purchase Agreement, except that Section 1.4(i) is hereby amended and modified (as agreed by the parties) to provide for a payment to the Lender in the amount of $13,050,00.00, which payment will be in full and complete satisfaction of the Lender's claims against the Debtors and any other obligor under the Loan Agreement, Forbearance Agreement or related documents. The payment at Closing to the Lender and each of the other payments to third parties contemplated by Section 1.4 of the Purchase Agreement, including the payment to the Lender in the amount of the Lender Claim, the payment of $425,000 to DC Beteiligung GmbH, and the payments of taxes and other costs and expenses described in the Closing Statement, are hereby authorized and approved.

**Additional Provisions**

14. Subject to the terms of the Purchase Agreement, the Purchase Agreement may be modified, amended or supplemented by agreement of the Seller and the Purchaser without further action or order of the Court; provided, however, that any such modification, amendment

- 13 -

or supplement does not materially change the terms of the Purchase Agreement or modify the express terms of this Order.

15. The failure specifically to include in this Order any particular provisions of the Purchase Agreement or any related agreement shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Seller and the Purchaser that the Purchase Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order prior to the Closing. To the extent that any provisions of this Order conflict with the terms and conditions of the Purchase Agreement, the terms and conditions of this Order shall govern and control.

16. The Debtors shall work in good faith to assist in the Lender's efforts to recover the Deed in Lieu Recording Taxes (as defined in the Consent Order).

17. This Order and the Purchase Agreement shall be binding upon and govern the acts of all Persons and entities, including, without limitation, the Debtors, the Lender, any grantee of the Deed in Lieu, and the Purchaser, and in each case their respective successors, affiliates and permitted assigns, including, without limitation, any trustee hereinafter appointed for the Debtors' estates, all creditors of any Debtor (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state and all other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Property. Each and every federal, state and local governmental agency, recording office, unit or department and all other parties, persons or entities are hereby directed to accept this Order as sole and sufficient evidence of the transfer of

title of the Property to the Purchaser, and such agency, unit or department may rely upon this Order in consummating the transactions contemplated by the Purchase Agreement.

18. The Lender shall be and hereby is directed to work in good faith with the Purchaser's proposed lender, if any, to assign the Lender's existing note and mortgage on the Property (and all related documents) to such lender, in accordance with the customs of mortgage assignments in New York. In the event the Lender assigns its existing note and mortgage on the Property to the Purchaser's proposed lender, the sale of the Property will be subject to the note and mortgage assigned to the Purchaser's lender for the principal amount due thereunder, with any remaining lien for any excess claim of the Lender being transferred to the proceeds paid to Seller at Closing.

19. This Order may be recorded by the Purchaser in any registry or government office.

20. Pursuant to Bankruptcy Rule 6004(h), this Order shall be effective immediately upon entry.

21. This Court retains jurisdiction to interpret, implement and enforce the terms and provisions of this Sale Order, the Purchase Agreement and the Lease Agreement, including to compel delivery of the Property, to protect the Purchaser against any Interest, to enter any orders under sections 105 or 363 (or other applicable provisions) of the Bankruptcy Code necessary or appropriate to transfer the Property to the Purchaser, and to compel Seller and any Designated Occupants to surrender possession of the Property in accordance with the terms of the Purchase Agreement and the Lease Agreement.

Dated: November 19, 2010
New York, New York

                                               */s/ Allan L. Gropper*
                                               UNITED STATES BANKRUPTCY JUDGE

**AGREED TO:**

| **SELLER ENTITIES:** | **LENDER ENTITIES:** |
|---|---|
| MS. DOROTHEA KEESER, an individual | HUDSON REALTY CAPITAL FUND IV LP, a Delaware limited partnership, |
| BY: /S/ _____ | By: /S/ _____<br>Name: Andrew J. Bloom<br>Title: Authorized Signature |
| KDMJ REALTY INC., a New York Corporation | HRC FUND IV REIT LLC, a Delaware limited liability company, |
| BY: /S/ _____<br>Name: Dorothea Keeser<br>Title: President | By: /S/ _____<br>Name: Andrew J. Bloom<br>Title: Authorized Signature |
| 556 HOLDING LLC, a New York limited liability company | WEST 22ND STREET OWNER, LLC, a Delaware limited liability company, |
| By: KDMJ Realty Inc., a New York Corporation, its managing member | By: /S/ _____<br>Name: Andrew J. Bloom<br>Title: Authorized Signature |
| BY: /S/ _____<br>Name: Dorothea Keeser<br>Title: President | WEST 22ND STREET PROPERTIES LLC, a Delaware limited liability company, |
| **PURCHASER:** | By: /S/ _____<br>Name: Andrew J. Bloom<br>Title: Authorized Signature |
| ALBANESE DEVELOPMENT CORPORATION, a New York corporation | |
| By: /S/ _____<br>Name: Russell C. Albanese<br>Title: President | |