JONES DAY
Richard H. Engman
Scott J. Friedman
Ross S. Barr
Lauren M. Buonome
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

Proposed Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11
: 
556 Holding LLC, *et al.*, : Case No. 10-14267 (ALG)
: 
             Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------x

**NOTICE OF HEARING ON THE
MOTION OF THE DEBTORS,
PURSUANT TO SECTION 1112(B)(1) OF THE
BANKRUPTCY CODE, FOR THE ENTRY OF AN
ORDER (I) DISMISSING THE DEBTORS' CHAPTER
11 CASES AND (III) GRANTING CERTAIN RELATED RELIEF**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

      1. A hearing on the Motion of the Debtors, Pursuant to Section 1112(b)(1) of the Bankruptcy Code, for the Entry of an Order (I) Dismissing the Debtors' Chapter 11 Cases and (II) Granting Certain Related Relief (the "<u>Motion</u>") shall be held before the Honorable Allan L. Gropper, United States Bankruptcy Judge, in Room 617 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **December 28, 2010 at 10:00 a.m. (ET)**.

      2. Objections, if any, to the relief sought in the Motion, must be made:

(a) in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, with the Bankruptcy Court (with a hard-copy to the Judge's chambers); and (b) shall be served in accordance with General Order M-182, upon (i) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn.: Paul Schwartzberg, Esq.; and (ii) Jones Day, 222 East 41st Street, New York, New York 10017, Attn.: Richard H. Engman, Esq. and Ross S. Barr, Esq.; so that they are **actually received** by such parties no later than **4:00 p.m. (ET) on December 21, 2010** (the "Objection Deadline").  Unless objections are received by the Objection Deadline, the relief may be granted as requested in the Motion.

Dated:  December 7, 2010
        New York, New York

                Respectfully submitted,

                /s/ Richard H. Engman
                JONES DAY
                Richard H. Engman
                Scott J. Friedman
                Ross S. Barr
                222 East 41st Street
                New York, New York  10017
                Telephone:  (212) 326-3939
                Facsimile:  (212) 755-7306

JONES DAY
Richard H. Engman
Scott J. Friedman
Ross S. Barr
Lauren M. Buonome
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

Proposed Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11
: 
556 Holding LLC, et al.,[1] : Case No. 10-14267 (ALG)
: 
            Debtors : (Jointly Administered)
: 
---------------------------------------------------------------x

**MOTION OF THE DEBTORS,**
**PURSUANT TO SECTION 1112(b)(1) OF THE**
**BANKRUPTCY CODE, FOR THE ENTRY OF AN**
**ORDER (I) DISMISSING THE DEBTORS' CHAPTER**
**11 CASES AND (II) GRANTING CERTAIN RELATED RELIEF**

TO THE HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE:

        The above-captioned debtors-in-possession (collectively, the "Debtors") hereby move the Court (the "Motion") for the entry of an order, pursuant to section 1112(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"), (i) dismissing the Debtors' chapter 11 cases and (ii) granting certain related relief.  In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): 556 Holding LLC (3732) and KDMJ Realty, Inc. (4578). The address of the Debtors is 556 West 22nd Street, New York, NY 10011.

## Background

1.  On August 6, 2010 (the "Petition Date"), the Debtors commenced cases under chapter 11 of the Bankruptcy Code in this Court.[2] By an order entered on the Petition Date, the Debtors' chapter 11 cases were consolidated for procedural purposes only and administered jointly. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### *The Sale of the Debtors' Property*

3.  As described in greater detail in the Keeser Declaration, the Debtors commenced these chapter 11 cases in order to ensure an opportunity to pursue and effect a value-maximizing transaction that would not only pay their prepetition secured lender, West 22nd Street Properties LLC (the "Lender"), in full, but also provide a benefit to all other stakeholders of the Debtors.

4.  To that end, on October 15, 2010, the Debtors filed a motion to sell all of their right, title and interest in and to the real property, building and certain other property and interests located at 556 West 22nd Street, New York, New York (the "Property") to Albanese Development Corporation or its assignee ("Albanese") (Docket No. 30) (the "Sale Motion"). On November 19, 2010, this Court entered an order granting the Sale Motion and approving the sale

---

[2]  Background information regarding, among other things, the Debtors' business and the reasons for the commencement of these chapter 11 cases is contained in the Declaration of Dorothea Keeser Pursuant to Local Bankruptcy Rule 1007-2 (Docket No. 3) (the "Keeser Declaration"), which was filed on the Petition Date.

of the Property to Albanese (Docket No. 60) (the "Sale Order").  The Debtors anticipate closing on the sale of their Property to Albanese (the "Sale Transaction") pursuant to the Sale Order on or around December 8, 2010.

5. Importantly, although the Debtors had hoped to restructure in a way that would allow them to continue providing a rent-free home to The Chelsea Art Museum ("CAM"), the Sale Transaction will permit the Debtors to realize their ultimate goal for these chapter 11 cases:  maximizing the value of their estates for the benefit of all stakeholders therein, including the payment in full of all claims against their estates.  In fact, upon the closing of the Sale Transaction, the Lender will receive payment in full on account of its allowed secured claim in the agreed amount of $13,050,00.00 (the "Lender Claim").  Further, the Debtors anticipate that sufficient proceeds from the Sale Transaction will remain after payment in full of the Lender Claim in order to allow them to pay in full all other claims against their estates.

*The Claims Process*

6. On September 22, 2010, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (Docket Nos. 20-23) (as subsequently amended by Docket Nos. 55-58, the "Schedules").

7. On October 22, 2010, the Debtors presented to this Court a motion for an order to establish bar dates for the filing of proofs of claim in their chapter 11 cases (Docket No. 38) (the "Bar Date Motion").  On October 28, 2010, this Court entered an order granting the relief requested in the Bar Date Motion, including establishing a general bar date of December 3, 2010 (the "General Bar Date") and a government bar date of February 2, 2011 (the "Government Bar Date," and, together with the General Bar Date, the "Bar Dates").

8. Based upon a review of each of the Debtors' Schedules and due to the limited nature of the Debtors' business operations, the Debtors estimate that the prepetition unsecured claims that have either been scheduled by the Debtors in a liquidated, non-contingent amount or that are the subject of filed proofs of claim against the Debtors' estates (collectively, the "Claims") will aggregate no more than $50,000 in amount.[3] In addition, at the closing of the Sale Transaction, part of the purchase price will be used to pay real property taxes for the period ending June 30, 2011 (which covers the period of the Seller's (as defined in the Sale Order) ownership of the property and a portion of its obligations under a lease that is part of the Sale Transaction). Although the actual amount of the Claims may differ from the Debtors' estimation thereof due to, among other things, the fact that the Government Bar Date has not yet expired, the Debtors nevertheless anticipate having sufficient cash to pay all Claims in full.

**Relief Requested**

9. The Debtors hereby seek the entry of an order, pursuant to section 1112(b)(1) of the Bankruptcy Code, (a) dismissing the Debtors' chapter 11 cases and (b) granting certain related relief.

**Basis for Relief Requested**

10. Under section 1112(b) of the Bankruptcy Code, a court may dismiss a debtor's chapter 11 case "for cause." 11 U.S.C. § 1112(b); In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir. 1984); In re Blunt, 236 B.R. 861, 864 (Bankr. M.D. Fla. 1999). Section 1112(b) of the Bankruptcy Code states, in pertinent part: " . . . on request of any party in interest or the United States trustee or bankruptcy administrator, and after notice and a hearing, the court

---

[3] As of the date hereof, only two claims (in the aggregate amount of approximately $20,000) have been filed against the Debtors' estates.

may . . . dismiss a case under this chapter . . . for cause . . . ." A determination of cause is made by the court on a case-by-case basis. Albany Partners, 749 F.2d at 674. In addition, the decision to dismiss a case is particularly delegated to the bankruptcy court's sound discretion. See In re Camden Ordinance Mfg. Co. of Arkansas, Inc., 1999 WL 587790, at *2 (Bankr. E.D. Pa. 1999) (citing In re Atlas Supply Corp., 837 F.2d 1061, 1063 (5th Cir. 1988)). Therefore, it is clear that the Court is authorized to dismiss the Debtors' chapter 11 cases upon a showing of "cause."

11. The legislative history of section 1112(b) of the Bankruptcy Code and relevant case authority indicate that a court has wide discretion to use its equitable powers to dispose of a debtor's case. H.R. Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 117 (1978), reprinted in 1978 U.S.C.C.A.N. 57878*; see also* In re Preferred Door Co., 990 F.2d 547, 549 (10th Cir. 1993) (stating a court has broad discretion to dismiss a bankruptcy case); In re Sullivan Cent. Plaza I, Ltd., 935 F.2d 723, 728 (5th Cir. 1991) (stating that determination of whether cause exists under section 1112(b) of the Bankruptcy Code "rests in the sound discretion" of the bankruptcy court); In re Koerner, 800 F.2d 1358, 1367 & n. 7 (5th Cir. 1986) (stating that a bankruptcy court is afforded "wide discretion" under section 1112(b) of the Bankruptcy Code); Albany Partners, 749 F.2d at 674 (same).

12. Section 1112(b) of the Bankruptcy Code provides a nonexclusive list of 10 grounds for dismissal. 11 U.S.C. § 1112(b)(1)-(10); Frieouf v. U.S., 938 F.2d 1099, 1102 (10th Cir. 1991) (stating that section 1112(b) of the Bankruptcy Code's list is nonexhaustive); Blunt, 236 B.R. at 864 (same). One such ground is where a party-in-interest shows that there is an "inability to effectuate a plan [of reorganization]." 11 U.S.C. § 1112(b)(2); Preferred Door Co., 990 F.2d at 549; Sullivan Cent. Plaza I, 935 F.2d at 728.

13. As described above, the Debtors commenced these chapter 11 cases in order to obtain the protection afforded by the automatic stay so as to be able to effect a value-maximizing transaction that would not only pay the Lender in full, but also provide a benefit to all other stakeholders of the Debtors, including continuing to provide a permanent, rent-free home for CAM. With the closing of the Sale Transaction, CAM will have a home for at least the next calendar year, the Lender Claim will be paid in full at closing and the Debtors anticipate that sufficient funds will remain thereafter to satisfy all other Claims against their estates.

14. In particular, based on a review of the Debtors' Schedules and their claims register, the Debtors believe that they likely will have only a handful of unsecured creditors remaining after payment of the Lender Claim. Although the Debtors believe that they will have sufficient assets (i.e., the cash remaining from the Net Proceeds after payment in full of the Lender Claim and other amounts provided under the Purchase Agreement (as defined in the Sale Order)) available to confirm a chapter 11 plan of reorganization, the Debtors believe that there is little reason to pursue confirmation of a plan solely to administer the payment of a few unsecured claims. The Debtors believe that the dismissal of these chapter 11 cases is in the best interests of their estates because, among other things, it will allow their estates to avoid incurring the additional administrative expense attendant with confirmation of a plan. In particular, given that the Debtors have no remaining assets to liquidate and anticipate having sufficient cash to satisfy all Claims against their estates in full, their estates have nothing left to gain from being in chapter 11. Importantly, the Debtors intend to pay all valid unsecured Claims outside of chapter 11 from such remaining Net Proceeds.

15. Finally, the Debtors represent that they will file any outstanding operating reports and pay all outstanding U.S. Trustee fees as a condition to dismissal.

16. Based on these facts, there is no reason to burden this Court with the continued administration of the Debtors' chapter 11 cases, and the Debtors respectfully submit that sufficient cause exists to dismiss same.

### Direction to Escrow Agent

17. In connection with the Sale Transaction, the escrow agent thereunder (the "Escrow Agent") will hold certain funds in escrow pending an order of this Court authorizing and directing the release of same. The Debtors hereby request that any order granting this Motion authorize and direct the Escrow Agent to release such funds as directed by the Seller.

### Notice

18. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been given to: (a) counsel to the Lender; (b) the U.S. Trustee; (c) the Debtors' unsecured creditors, as identified in the Debtors' chapter 11 petitions; (d) the Escrow Agent; and (e) those parties that have filed notices of appearance under Bankruptcy Rule 2002 in these cases. The Debtors submit that no other or further notice need be provided.

### No Prior Request

19. No prior request for the relief sought in this Motion has been made to this or to any other Court.

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached as Exhibit A hereto, (i) dismissing the Debtors' chapter 11 cases, (ii) authorizing and directing the Escrow Agent to release the funds held in escrow as directed by the Seller, and (iii) granting such other and further relief to the Debtors as this Court deems just and proper.

Dated: December 7, 2010
      New York, New York

Respectfully submitted,

  /s/ Richard H. Engman_____
Richard H. Engman
Scott J. Friedman
Ross S. Barr
Lauren M. Buonome
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

PROPOSED ATTORNEYS FOR DEBTORS

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
:
In re : Chapter 11
:
556 Holding LLC, et al.,[1] : Case No. 10-14267 (ALG)
:
        Debtors : (Jointly Administered)
:
----------------------------------------------------------------x

## ORDER (I) DISMISSING THE DEBTORS' CHAPTER 11 CASES AND (II) GRANTING CERTAIN RELATED RELIEF

This matter coming before the Court on the Motion of the Debtors, Pursuant to Section 1112(b)(1) of the Bankruptcy Code, for the Entry of an Order (I) Dismissing the Debtors' Chapter 11 Cases and (II) Granting Certain Related Relief (the "Motion");[2] the Court having reviewed the Motion and conducted a hearing on the Motion (the "Hearing") at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue for the Motion is proper in this district pursuant to 28 U.S.C. § 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (d) notice of the Motion and the Hearing was sufficient under the circumstances, and (e) the Debtors have articulated cause for the relief requested in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

---

[1]     The Debtors are the following two entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): 556 Holding LLC (3732) and KDMJ Realty, Inc. (4578). The address of the Debtors is 556 West 22nd Street, New York, NY 10011.

[2]     Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is hereby GRANTED as set forth herein.

2. Pursuant to section 1112(b) the Bankruptcy Code, the Debtors' chapter 11 cases are hereby dismissed and closed.

3. Notwithstanding section 349 of the Bankruptcy Code, all prior Orders of the Court shall survive dismissal of these cases.

4. The Debtors are hereby authorized to execute and deliver all instruments and documents and take all such other actions as may be necessary or appropriate to implement and effectuate the dismissal contemplated by this Order.

5. The Escrow Agent is hereby authorized and directed to release the funds held in escrow as directed by the Seller.

6. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this Order.

Dated: New York, New York
_____, 2010

_____
THE HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE